▪ FILOMENA McINTOSH et al., Appellants, v INTERNA-

TIONAL BUSINESS MACHINES CORPORATION et al., Respondents. —In an action, *inter alia,* to recover damages for breach of a contract of employment, prima facie tort and malicious discharge from employment, plaintiffs appeal from an order of the Supreme Court, Westchester County (Cerrato, J.), entered February 3, 1984, which dismissed the complaint.

Order affirmed, without costs or disbursements.

Since plaintiff Filomena McIntosh was an employee at will and failed to show that the employee manual limited the right of discharge, Special Term properly dismissed the causes of action to recover damages for breach of contract, prima facie tort, and malicious discharge of an employee (*see, Murphy v American Home Prods. Corp.,* 58 NY2d 293).

The complaint includes the allegation that "defendants violated the provisions of the Workers [*sic*] Compensation laws [*sic*], Article 7". We may assume that the drafters of the *pro se* complaint were referring to Workers' Compensation Law § 120 (included in article 7), which states that it is unlawful for an employer, *inter alia,* to discharge an employee for filing a compensation claim. Further, based upon the factual data averred in the affidavits on both sides, there would appear to be a factual issue as to whether the dismissal was due to the filing of a compensation claim or because of an unexplained refusal to report to work. However, the *penalty* provisions of Workers' Compensation Law § 120 explicitly require enforcement by the Workers' Compensation Board, as an adjunct to its finding of unlawful discharge. It is manifest that the intent of the statute was to have one tribunal, the Board, determine all issues. Bracken, J. P., O'Connor, Rubin and Lawrence, JJ., concur.